SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
NOV - 2 2009
J. T NOBLIN, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

COLONY INSURANCE COMPANY                                                PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 3:09cv657-DPJ-JCS

KRINA, INC. D/B/A DELUXE INN
and DHANUBEN B. PATEL                                                   DEFENDANT

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Colony Insurance Company ("Colony"), through undersigned counsel, and brings this action seeking a declaratory judgment that it is not obligated, under the Commercial General Liability policy issued by Colony to Krina, Inc., to defend or indemnify Krina, Inc. or Dhanuben B. Patel for the allegations contained in the Complaint styled "Dean Chatagnier v. Krina, Inc. d/b/a Deluxe Inn, Dhanuben B. Patel, and John Does 1-10", No. 2009-045-LS in the Circuit Court of Lincoln County, Mississippi. In support of its claims, Colony would show unto the Court the following, to wit:

1.

Colony is a Virginia corporation whose principal place of business is outside the State of Mississippi, and which at all times pertinent hereto was doing business in Mississippi.

2.

Made defendants herein are:

a.  Krina, Inc., a Mississippi corporation with its principal place of business in Mississippi, and

b.  Dhanuben B. Patel (Patel), a person of the full age of majority and resident of the State of Mississippi, whose last known residential address is 808 Highway 51 North, Brookhaven, MS 39601. Upon information and belief, Patel is the president and principal shareholder of Krina, Inc.

3.

This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332 (a), as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Further, this Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. § 2201, et seq.

4.

Venue is proper pursuant to 28 U.S.C. 1391, as the Defendants reside or are located in this division of the Southern District of Mississippi.

5.

The issues pertaining to whether coverage exists under the Commercial General Liability policy issued by Colony to Krina, Inc. are proper subjects for declaratory judgment under Rule 57, Fed.R.Civ.P. and 28 U.S.C. § 2201, et seq. Colony has standing under Rule 57 to have its rights and obligations under the policy and Mississippi law declared by this Court.

6.

Colony issued a Commercial General Liability policy to Krina, Inc. for the period October 30, 2007 to October 30, 2008 bearing policy number GL3559654 (the "Colony policy"), and insuring Krina, Inc's business (commonly known as the "Deluxe Inn") located at 808 Highway 51 North, Brookhaven, MS 39601. A true and correct copy of said policy is attached as Exhibit A.

7.

On or about September 3, 2008, four unknown assailants allegedly entered a guest room at the Deluxe Inn, where they are alleged to have beaten, threatened, and robbed Dean Chatagnier, a registered guest, who was staying at the Deluxe Inn. A true and correct copy of said Complaint is

attached as Exhibit B.

8.

On or about January 29, 2009, Chatagnier filed suit in Lincoln County, Mississippi against Krina, Inc., Dhanuben B. Patel, and John Does 1 - 10, seeking to recover damages for the injuries he claims to have sustained in the alleged attack described above. Specifically, Chatagnier's complaint alleges that he was an overnight guest at the Deluxe Inn on September 3, 2008 when "four unknown men rushed into the room and started to attack Mr. Chatagnier."[1] The Complaint further alleges that "the four attackers continued to pummel Mr. Chatagnier and hit him repeatedly in the face and mouth. The four attackers then stole Mr. Chatagnier's wallet and fled the scene."[2]

9.

Chatagnier's Complaint alleges that Krina, Inc. and/or Patel are liable to him for (1) failing to maintain a safe premises for invitees such as Chatagnier;[3] (2) failing to take reasonable measures to prevent foreseeable criminal attacks;[4] (3) failing to perform an adequate security survey;[5] and (4) failing to employ, adequately train, adequately screen and/or adequately supervise security guards at the Deluxe Inn.[6]

---

[1] Complaint, Exhibit B, at page 3 paragraph 6.

[2] Id.

[3] Id. page 3 paragraph 6.

[4] Id. pages 3 to 4 paragraph 8.

[5] Id. page 4 paragraph 8.

[6] Id.

3

10.

Subsequent to service of Chatagnier's Complaint upon Krina, Inc., Krina reported to Colony, in connection with its Commercial General Liability policy, that Chatagnier had filed the Complaint against Krina, Inc. and Patel seeking damages for the alleged attack upon Chatagnier at the Deluxe Inn.

11.

Colony would show that the Commercial General Liability policy it issued to Krina, Inc. does not provide any coverage for the allegations of Chatagnier's Complaint. In particular, and without limitation, Colony submits that:

a. **The allegations of Chatagnier's Complaint are excluded from coverage under the policy by the "Assault, Battery or Assault and Battery" Exclusion.**

By amendatory endorsement, the Colony policy includes a specific exclusion for "Assault, Battery, or Assault and Battery." This exclusion states that the policy "does not apply to damages or expenses due to 'bodily injury', 'property damage', or 'personal and advertising injury' arising out of or resulting from:

    (1)    'Assault', 'Battery' or 'Assault and Battery' committed by any person;

    (2)    The failure to suppress or prevent 'Assault', 'Battery' or 'Assault and Battery' by any person;

    (3)    The failure to provide an environment safe from 'Assault', 'Battery' or 'Assault and Battery';

    (4)    The failure to warn of the dangers of the environment which could contribute to 'Assault', 'Battery' or 'Assault and Battery';

(5)  'Assault', 'Battery' or 'Assault and Battery' arising out of the negligent hiring, supervision or training of any person;

(6)  The use of any force to protect persons or property whether or not the 'bodily injury' or 'property damage' or 'personal and advertising injury' was intended from the standpoint of the insured or committed by or at the direction of the insured."[7]

The Exclusion further adds to the Colony policy the following definitions:

"'Assault' means:

a.  an act creating an apprehension in another of immediate harmful or offensive contact, or

b.  an attempt to commit a 'Battery'.

'Battery' means an act which brings about harmful or offensive contact to another or anything connected to another.

'Assault and Battery' means the combination of an 'Assault' and a 'Battery.'"[8]

Chatagnier's Complaint contends that "[w]hile at the Deluxe Inn and the premises surrounding the Deluxe Inn, Mr. Chatagnier was punched multiple times, threatened and robbed by four unknown men."[9] These are classic allegations of assault, battery and "assault and battery" that are excluded from coverage under the policy.

Furthermore, to the extent that Chatagnier's Complaint alleges that Krina, Inc. and/or Patel

---

[7] "Assault, Battery or Assault and Battery Exclusion," Exhibit C.

[8] Id.

[9] Complaint, Exhibit B, page 4 paragraph 10.

5

are liable to him for (1) failing to maintain a safe premises for invitees such as Chatagnier;[10] (2) failing to take reasonable measures to prevent foreseeable criminal attacks;[11] (3) failing to perform an adequate security survey;[12] and (4) failing to employ, adequately train, adequately screen and/or adequately supervise security guards at the Deluxe Inn,[13] these allegations are specifically excluded from coverage by subparagraphs 2, 3, 5, and 6 of the "Assault, Battery Or Assault and Battery Exclusion." See Exhibit C.

Finally, to the extent that Chatagnier's Complaint alleges Krina, Inc. and/or Patel are liable to him for the robbery that accompanied the attack, these allegations of robbery "arise out of" or "result from" the assault, battery or assault and battery, and are likewise specifically excluded by the "Assault, Battery Or Assault and Battery Exclusion." See, e.g., Maryland Casualty Co. v. Lab Discount Drug, Inc., 468 F.Supp.2d 862 (S.D. Miss. 2006).

b.   **Other policy provisions either preclude or exclude coverage under the policy.**

Colony further alleges that other policy provisions either preclude or exclude coverage under the policy and, therefore, out of an abundance of caution, Colony has attached as Exhibit A the entire policy of Commercial General Liability insurance, and asserts and pleads each and every policy provision applicable to the allegations of Chatagnier's Complaint against Krina, Inc. and Patel.

**WHEREFORE**, Colony Insurance Company respectfully prays for a declaratory judgment in its favor against the Defendants, adjudging and declaring that Colony is not obligated to provide

---

[10] Id. page 3 paragraph 6.

[11] Id. pages 3 to 4 paragraph 8.

[12] Id. page 4 paragraph 8.

[13] Id.

6

coverage or to defend either Krina, Inc. or Dhanuben B. Patel for the allegations of Chatagnier's Complaint. Colony further prays for an award of costs and any other relief to which it may be entitled in law or equity.

          Respectfully submitted

          **Colony Insurance Company**

By: _____
    DONALD C. DORNAN, JR.
    JOHN M. HERKE

DONALD C. DORNAN, JR.
MSB No. 6161
Spyridon, Palermo & Dornan, LLC
154 Porter Avenue
Biloxi, MS 39530
Telephone: (228) 374-2203
Facsimile: (228) 374-2250

JOHN M. HERKE
MSB No. 10681
Spyridon, Palermo & Dornan, LLC
Three Lakeway Center, Suite 3010
Metairie, LA 70002
Telephone: 504-830-7800
Facsimile: 504-830-7810

Attorneys for Plaintiff, Colony Insurance Company